**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **HELEN J. CONNORS** | : | |
| | : | |
| **VS** | : | **C.A. NO.** |
| | : | |
| **JOHN E. POTTER,** | : | [redacted] 05 414ML |
| **POSTMASTER GENERAL** | : | |

## COMPLAINT

### I. JURISDICTION

1. This action is brought to remedy discrimination on the basis of sex in the terms, conditions and privileges of employment and for activity protected under Title VII all in violation of Title VII of the Civil Rights Act of 1964, as amended, and for intentional infliction of emotional distress.

### II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

2. Plaintiff, Helen J. Connors ,a female and a resident of the State of Rhode Island, filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC"), complaining of the acts of sex discrimination alleged herein.

3. On or about August 11, 2005 the EEOC issued a Notice of Final Action a notifying Plaintiff of her right to institute the within civil action within ninety (90) calendar days of her receipt of the EEOC's final decision.

4. Plaintiff has fully complied with all prerequisites to jurisdiction in this Honorable Court under Title VII, Jurisdiction of this Court is proper under §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3). The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars.

## III. VENUE

5. As the unlawful employment practices complained of herein occurred within the District of Rhode Island, venue is proper in this District pursuant to §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3).

## IV. PARTIES

6. Plaintiff Helen Connor is a resident of the State of Rhode Island and is an employee of the United States Postal Service.

7. Defendant John Potter is the Postmaster General of the United States of America.

## V. MATERIAL ALLEGATIONS

8. On February 13, 2004 Plaintiff Helen Connors was a City Carrier for the United States Postal Service stationed at the East Bay Carrier Unit, East Providence, Rhode Island.

9. On February 13, 2004 a job posting for Driver Instructor Examiner was posted.

10. Plaintiff applied for this position utilizing PS Form 991, Application for Posting of Assignment, expressing her belief that she met and exceeded the qualifications for the job.

11. Plaintiff had served as the fill-in instructor and examiner whenever assistance was needed for a period of seven years.

12. On March 12, 2004 Plaintiff received a phone call from Human Resources Specialist Debra Judge communicating to Plaintiff the award of the Driver Instructor Examiner position.

13. Plaintiff received a letter dated March 12, 2004 which stated that she was the "best qualified candidate" for the position.

14. On March 29, 2004 Plaintiff received another telephone call from Human resource specialist Judge telling her that she no longer had the job and that a "mistake" had been made. Plaintiff was told that shew should have had a commercial drivers license (CDL).

15. When Plaintiff asked if she would have the opportunity to acquire a CDL she was told she would not be granted that opportunity.

16. The position was then awarded to Joseph Gagnon, a male, and the only applicant in possession of a CDL..

17. The Job posting with regard to the position was Job Posting BQ0401 which opened on 2/13/04 and closed on 2/23/04.

18. The Bargaining Unit Qualification Standard for "Driver Instructor and Examiner" is Document Q5700c and neither the posting nor the qualification standard document lists the requirement of a CDL.

19. The language of Document Q5700c sets forth the Proficiency Requirements for the position in Section 2 (d):

> d. Ability to drive safely. Applicants must know and observe safe driving laws and regulations. Applicants must have three years of USPS driving experience. (Before being assigned, promoted or reassigned to this position, candidate must be able to qualify on all motor vehicles used in that local post office.

20. The male who was ultimately awarded the position, Joseph Gagnon, was ` allowed time to qualify on vehicles for which he was not certified.

21. When Plaintiff inquired as to Joseph Gagnon's lack of qualifications and why he was afforded time to qualify on vehicles while she was not she was told that Robert Miles. Manager Personnel Services said: "They looked into that loophole… It'll be easier for him to be trained that for (Plaintiff) to get her CDL. It would be too expensive for her. Like three hundred dollars."

22. The agents of the Postal Service rescinded the position awarded to Plaintiff based on their belief that it would be easier for a man, Joseph Gagnon, to qualify on three types of vehicles for which he had no certification than it would be for a female to obtain a CDL.

## VI. CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## TITLE VII

23. Plaintiff repeats and realleges each and every allegation contained in paragraph 1 though 22 of this Complaint with the same force and effect as if set forth above.

23. Defendants have discriminated against Plaintiff in the terms and conditions of her employment on the basis of sex in violation of Title VII.

24. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' practices unless and until this Court grants relief.

## SECOND CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 36 with the same force and effect as if set forth above.

26. The conduct of the Defendants was intentional or in reckless disregard of the probability of causing severe emotional distress and bodily harm to Plaintiff causing her to suffer damages as aforesaid.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief:

1. A declaratory judgment that Defendants, in the manner described herein, unlawfully discriminated against Plaintiff on the basis of sex in violation of Title VII, 42 U.S.C. §2000e et seq.

2. Enter an Order restoring Plaintiff to the position of Driver Instructor.

3. Award Plaintiff compensatory damages for pecuniary losses, emotional pain, suffering, mental anguish, physiological and psychiatric injuries, loss of enjoyment of life and other non-pecuniary losses.

4. Award Plaintiff reasonable attorneys fees and costs of litigation.

5. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all counts so triable.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Michael D. Coleman as trial counsel.

**PLAINTIFF,**
**By her Attorney,**

**MICHAEL D. COLEMAN, ESQUIRE (#2021)**
**Greenwich Village**
**1050 Main Street – Suite 22**
**East Greenwich, Rhode Island 02818**
**(401) 885-8887**
**(401) 885-6082 (facsimile)**

DATED: Oct. 6, 2005