UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HELEN J. CONNORS,<br><br>Plaintiff,<br><br>v.<br><br>JOHN E. POTTER,<br>POSTMASTER GENERAL,<br>UNITED STATES POSTAL SERVICE<br><br>Defendant. | Civil Action No. CA 05 414ML |

**ANSWER AND AFFIRMATIVE DEFENSES**

Now come the Government Defendant, John E. Potter, Postmaster General, by and through his attorneys, Robert Clark Corrente, United States Attorney for the District of Rhode Island, and Lisa Dinerman, Assistant United States Attorney, and hereby answers and responds to Plaintiff's Complaint as follows:

**FIRST DEFENSE**

1. Paragraph 1 of the Complaint, entitled "Jurisdiction," sets forth the alleged statutory and jurisdictional bases for the Complaint and contains Plaintiff's description of her claims. This paragraph therefore does not require any answer by Defendant. To the extent that such allegations are deemed to require an answer, Defendant denies that there exists any factual or legal basis for the Complaint under the cited statutes.

2. Defendant admits the allegations set forth in paragraph 2.

3. Defendant admits the allegations set forth in paragraph 3.

4. The allegations set forth in paragraph 4 of the Complaint assert Plaintiff's claims as to jurisdiction and require no responsive pleading. To the extent that a responsive pleading is required, Defendant denies the allegations.

5. The allegations set forth in paragraph 5 of the Complaint assert Plaintiff's claims as to venue and require no responsive pleading. To the extent that a responsive pleading is required, Defendant denies the allegations.

6. Defendant admits the allegations set forth in paragraph 6.

7. Defendant admits the allegations set forth in paragraph 7.

8. Defendant admits the allegations set forth in paragraph 8.

9. Defendant admits the allegations set forth in paragraph 9.

10. Defendant admits that Plaintiff applied for the position of Driver Instructor Examiner utilizing PS Form 991, Application for Posting of Assignment, but is without knowledge or information sufficient to form a belief with respect to the remaining allegation(s) set forth in paragraph 10 of the Complaint.

11. Defendant admits the allegations set forth in paragraph 11.

12. Defendant admits the allegations set forth in paragraph 12.

13. Defendant admits the allegations set forth in paragraph 13.

14. Defendant admits the allegations set forth in paragraph 14.

15. Defendant admits the allegations set forth in paragraph 15.

16. Defendant admits the allegations set forth in paragraph 16.

17. Defendant admits the allegations set forth in paragraph 17.

18. Defendant admits that the Bargaining Unit Qualification Standard for "Driver Instructor and Examiner" is partially identified as Document Q5700c on the

Postal Service Web Site, and admits that "neither the posting nor the qualification standard document lists the requirement of a CDL, ("Commercial Drivers License")." (emphasis supplied), but denies that the failure to specifically list the requirement of a CDL in the Bargaining Unit Qualification Standard means that the position does not require that the applicant for the position in question in the instant action have a CDL.

19. Defendant admits the allegations set forth in paragraph 19.

20. Defendant admits the allegations set forth in paragraph 20.

21. Defendant is without knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 21, but denies that Mr. Miles said that the reason plaintiff was not allowed time to get a CDL was because it would cost too much.

22. Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

23. Defendant incorporates by reference its answers to Paragraphs 1-22 as if fully stated herein.

23. This paragraph has been misnumbered by Plaintiff. Defendant denies the allegations in the second paragraph numbered 23.

24. Defendant denies the allegations set forth in the second Paragraph 24 of the Complaint.

25. Defendant incorporates by reference its answers to Paragraphs 1-24, including both Paragraphs numbered 23, as if fully stated herein.

26. Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

27. Defendant also denies each and every allegation to the Complaint not heretofore admitted, denied, or otherwise referred to.

**PLAINTIFF'S DEMAND FOR A JURY TRIAL**

Plaintiff makes a demand for a jury trial, and, as such, no response is required by defendant. To the extent that a response is deemed to be required, defendant denies that plaintiff is entitled to a jury trial on any claim except those for which a jury trial is specifically provided for by the applicable statute.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim upon which relief can be granted.
2. Plaintiff has failed to exhaust her administrative remedies.
3. Plaintiff cannot establish a *prima facie* case of discrimination based on sex (gender).
4. Plaintiff cannot establish a *prima facie* case of intentional infliction of emotional distress.
5. Plaintiff did not suffer an adverse employment action.
6. Defendant's actions were taken for legitimate, non discriminatory reasons.
7. Plaintiff may not recover punitive damages against the government Defendant.
8. Defendant's actions were in all manners legal and required by law.
9. Plaintiff has failed to mitigate any damages claimed in this action.
10. Plaintiff's actions or inaction are the sole and proximate cause of any adverse employment action taken against the Plaintiff by the United States Postal Service.

WHEREFORE, Defendant, having fully answered, prays that this action be dismissed with prejudice; that the Plaintiff take nothing by reason of her Complaint; and that the Defendant be granted its costs and such further relief as the Court may deem just.

Respectfully submitted,

JOHN E. POTTER, JR.
POSTMASTER GENERAL

By his attorneys,

ROBERT CLARK CORRENTE
United States Attorney

LISA DINERMAN Bar #2689
Assistant United States Attorney
District of Rhode Island
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Dated: Providence, Rhode Island, November 30, 2005

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Answer was sent by regular mail, postage prepaid, to Michael D. Coleman, Esq., Greenwich Village, 1050 Main Street - Suite 22, East Greenwich, Rhode Island 02818, this 30 day of November, 2005.