**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| HELEN J. CONNORS,<br><br>Plaintiff,<br><br>v.<br><br>JOHN E. POTTER,<br>POSTMASTER GENERAL,<br>UNITED STATES POSTAL SERVICE<br><br>Defendant. | ) | Civil Action No. CA 05 414ML |

**DEFENDANT'S RULE 12.1 STATEMENT**[1]

Pursuant to Rule 12.1 of the Local Rules of Civil Procedure, Defendant sets forth the following statement of material facts, as to which Defendant contends there is no genuine issue to be tried:

1. Plaintiff Helen J. Connors ("Plaintiff"), at all times relevant to these proceedings, has been an employee of the United States Postal service, and has been a City Carrier, assigned to the East Bay Carrier Unit, East Providence, R.I.. (*Exhibit 1* [2], *page 5).*

2. An official job posting for a Driver Instructor Examiner position ("DIE") at the Providence Post Office was opened February 13, 2004. The job posting is a document titled *Bargaining Unit Qualification Standard*, and is designated *Document Q5700c Dated April 28, 1995.* ("Q5700c") (*Exhibit 1, p. 88).* The position description for the

---

[1] For purposes of this Motion, the Agency accepts as true all material facts which are undisputed by Plaintiff.
[2] Exhibit 1 is the EEOC Report of Investigation, EEOC Case No. 4B-028-0045-04, the pages of which have been renumbered in the lower right corner for the purposes of this Statement.

driver instructor examiner job includes the duty of instructing drivers and operators in the operation of various types of motor vehicles used in the local post office, and specifies the proficiency requirements for the position. Included the special proficiency requirements at § 2.d. is the expectation that before being selected for the position, candidates must be able to qualify on all motor vehicles used in the facility. (*Exhibit 1, p. 10 and p. 88*).

3. Section 2.d of the job posting states:

> d. Ability to drive safely. Applicants must know and observe safe driving laws and regulations. Applicants must have three years of USPS driving experience. (Before being assigned, promoted, or reassigned to this position, candidate must be able to qualify on all motor vehicles used in that local post office.)

4. A note to document Q5700c states "Note: The required knowledge, skills and abilities will not, in themselves, be accepted as proof of qualification. The applicant's total record of experience, education and training must show the ability to perform the duties of the position." (*Exhibit 1, p. 88)* The Providence Post office uses tractor trailers, and a commercial driver's license ("CDL") is required to operate a tractor trailer. (Exhibit 1, p. 8, 57 and 88)

5. Plaintiff applied for the driver instructor examiner position ("the position") using PS Form 991, Application for Promotion or Assignment. (*Exhibit 1,p. 6 and p. 44*)

6. Human Resources Specialist Debra E. Judge ("Judge"), was the Acting Training Director, and was the official responsible for selecting the successful candidate for the position. Judge evaluated the applicants by completing a "Qualification Rating Sheet for Best Qualified Positions," for the applicants, including Plaintiff. Judge identified Plaintiff as being qualified for the driver instructor examiner position, (*Exhibit*

*1, p. 11 and p. 106)* and on March 12, 2004, Judge called Plaintiff and sent her a letter advising her that she had been selected for the position. Plaintiff's selection was also posted on March 22, 2004. *(Exhibit 1, p. 6 and p. 110)*

7. On March 31, 2004, after realizing that she had made a mistake and had misinterpreted the job requirements, Judge sent Plaintiff another letter, advising her that she did not meet the qualification standards for the driver instructor examiner position. Judge specifically advised Plaintiff that she did not qualify on all the vehicles used at the facility. Judge came to this conclusion because Plaintiff did not possess a valid Commercial Drivers License. (*Exhibit 1, p. 11, 12 and p. 112).*

*8.* Judge made the correction after an arbitration award on the identical issue was brought to her attention. (Exhibit 1, p. 57) The Arbitration Award made it clear that the DIE position could not be awarded to a person who did not have the qualifications to operate all of the vehicles used at the local post office that he or she would be training for. (Exhibit 1, p. 116)

9. The Arbitration Award, issued by Arbitrator Maretta Comfort Toedt, on December 9, 2003, arose out of a class action grievance between the United States Postal Service ("USPS") and the American Postal Workers Union ("APWU"). This grievance concerned whether the USPS violated the collective bargaining agreement when an unqualified employee was selected for the driver instructor examiner position. The issue at hand was the special requirement of being able to qualify on all motor vehicles used in the facility, and the selected candidate's inability to operate tractor trailers as well as nine ton vehicles.

10. The job posting in question contained the following Additional Provisions, identical to the subject provision in the instant case:

> 1. Before being assigned, promoted, or reassigned to this position, candidate must be able to qualify on all motor vehicles used in that local post office. (Exhibit 1, p. 116)

11. Notwithstanding the Agency's arguments to the contrary, the Arbitrator found that the selected candidate was not qualified because he was not able to operate all of the vehicles required by the qualification standards. *(Exhibit 1, p. 12 and p. 113).*

*12.* In the "Award Summary," Arbitrator Toedt states her decision as follows:

> The Union established by a preponderance of the evidence that the individual selected for the Driver Instructor and Examiner position was not qualified because he was not able to operate all of the vehicles at the local facility as required by the Qualification Standards. The grievance is sustained. The Postal Service did violate the Collective Bargaining Agreement when it selected Barnes from Bulletin 024-BVQ-95, Job ID # 6738146. The position shall be reposted. (Exhibit 1, p. 113)

12. Plaintiff inquired as to whether she would have an opportunity to get a CDL, and was told that she needed to have the CDL before the job was posted. (*Exhibit 1, p. 6 and p. 44, 45).*

13. Of the applicants for the position, Joseph Gagnon, a male, was the only candidate who possessed a CDL at the time of the job posting, (*Exhibit 1, p. 9, 16 and 57)* and he was awarded the position. Mr. Gagnon has been a tractor trailer driver since 1985. *(Exhibit 1, p. 164).*

14. Both Plaintiff and Mr. Gagnon had good qualifications for the position. The Plaintiff had worked as a letter carrier, an AMS Auditor, an On the Job Instructor, a Driver Instructor and Examiner, an Assistant Safety Captain Coordinator and as a Safety Captain. (Exhibit 1, p. 90) She had work as a fill in DIE for seven years, (Exhibit

1, p. 44) and has taught postal employees how to drive the Long Life Vehicles ("LLV") (Exhibit 1, p. 92)

15. Mr. Gagnon had been employed by the Postal Service as a Motor Vehicle Operator, Tractor Trailer Operator, since July 1995. (Exhibit 1, p. 156) He has received ongoing training, including training for drivers, and on specific vehicles, including 2-ton LHD Orientation, Tractor Trailer and Spotter Tractor Orientation, Seven/Nine ton LHD training, and other vehicle orientation. (Exhibit 1, p. 174) Gagnon also worked as a Safety Captain, (Exhibit 1, p. 159), and has worked training other employees in his prior position. (Exhibit 1, p. 160 and 164). Gagnon is also qualified to drive all types of postal vehicles. (Exhbit 1, p. 165).

16. Plaintiff "feels that being a woman was a factor of discrimination in this complaint. I feel that certain people were not happy that a woman was chosen for the first time to become a full time driver instructor. I was chosen over other male candidates in a male dominated field. *(Exhibit 1, p. 46).*

17. Plaintiff also believes that the successful candidate received the position because he is the brother-in-law of one of the clerks who was involved in the selection process for the subject position. *(Exhibit 1, p. 45, 46)* "Mikki Palardy is the Human Resource Specialist and works in the personnel office. She is in charge of job posting, job bidding and she received the 991's. I recently learned her brother-in-law is Joe Gagnon, the person they gave my job to!" *(Exhibit 1, p. 45, 46)*

18. Michelle Palardy is a Human Resources Specialist. Her involvement in selecting a candidate for the position of Driver Instructor Examiner consisted of creating a job slot in the HRIS computer system, adding the job slot to the posting, collecting all

PS Form 991's - Applications for Promotion or Assignment which were submitted by all candidates, and submitting the PS Form 991's and PS Form 1796B – Qualifications rating Sheet for Best Qualified Positions, to the selecting official. Once a selection was made, the selecting official notified Ms. Palardy in writing of the identity of the successful candidate and the effective date of the award. Ms. Palardy then updated the HRIS computer system with the information and posted the award notice on the bulletin board. Ms. Palardy was not involved in the selection of the candidate or responsible for the decision made. *(Exhibit 1, p. 78)*

Respectfully submitted,

JOHN E. POTTER, JR.
POSTMASTER GENERAL

By His Attorneys,

ROBERT CLARK CORRENTE
United States Attorney
District of Rhode Island

Lisa Dinerman Bar #2689
Assistant U.S. Attorney
50 Kennedy Plaza
8th Floor
Providence, Rhode Island 02903
401 709-5000
401 709-5017 Fax

Dated:

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Motion for Summary Judgment and to Dismiss have been sent, postage prepaid, to Michael D. Coleman, Esq., Greenwich Village, 1050 Main Street, Suite 22, East Greenwich, RI 02818, this 21st day of December, 2005.

Linda A. Vazmarian